FILED
'20 MAR -2 [...]
[COUNTY] C.S.C.

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF ALAMANCE | SUPERIOR COURT DIVISION |
| | FILE NO. 10-CVS-692 |

CHRISTINE CURRIE,
        Plaintiff,

vs.

CREDITORS FINANCIAL GROUP, LLC,
        Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

NOW COMES Christine Currie, by and through counsel, and makes this Complaint against Defendant CREDITORS FINANCIAL GROUP, LLC, alleging and saying as follows:

### INTRODUCTION:

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and of North Carolina's fair debt collection statutes. When it enacted the FDCPA, Congress found extensive evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices and to ensure that those debt collectors who refrain from abusive practices are not competitively disadvantaged. *U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). The FDCPA prohibits debt collectors from leaving messages with neighbors for consumers to return calls. *West v. Nationwide Credit, Inc.*, 998 F. Supp. 642 (W.D.N.C. 1998).

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. §


EXHIBIT B

1681p and North Carolina law.

2.  This action arises out of Defendant's violations of the FDCPA and North Carolina law in its illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

4.  This case is brought within one year of the FDCPA violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within four years of the North Carolina Prohibited Practices by Collection Agencies violations, in compliance with the statute of limitations at N.C. Gen. Stat. § 75-16.2.

## PARTIES

5.  Plaintiff Christine Currie is a natural person residing in the County of Alamance, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the Fair Debt Collection Practices Act (hereinafter, "FDCPA") under 15 U.S.C. §§ 1692a(3) and 1692k.

6.  Plaintiff is also a "consumer" as defined by N.C. Gen. Stat. § 58-70-90(2).

7.  Defendant Creditors Financial Group, LLC, is a New York corporation with a principal place of business at 3131 S. Vaughn Way, Ste. 110, Aurora, Colorado 80014, and a registered agent for service of process at 150 Fayetteville St., Box 1011, Raleigh, North Carolina 27601.

8.  CREDITORS is engaged in the business of collecting defaulted debts from North Carolina consumers by telephone and mail.

9.  CREDITORS was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the alleged debt in this matter is a "debt" as that term is defined by the FDCPA at 15 U.S.C. § 1692a(5).

10. CREDITORS was and is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-15(b) and 58-70-90(1), and the alleged debt in this matter is a "debt" as that term is defined by N.C. Gen. Stat. § 58-70-90(3).

## FACTUAL ALLEGATIONS

11. Plaintiff Christine Currie is a senior citizen and a recent cancer survivor who fell into dire financial straits due to her battle with the disease.

12. In August 2009, "Chris Rogers," an agent or employee of Defendant CREDITORS, telephoned the residence of Carol Rudd, Ms. Currie's neighbor.

13. Ms. Rudd, whose phone number is unlisted, was upset to receive a call from a stranger asking about her neighbor.

14. "Chris Rogers" was rude to Ms. Rudd and made fun of her speech.

15. "Chris Rogers" told Ms. Rudd that he knew from her address that she was Ms. Currie's neighbor, and asked her for Ms. Currie's telephone number.

16. Ms. Rudd refused to tell him Ms. Currie's telephone number.

17. A man, believed to be the same "Chris Rogers," called Ms. Rudd's residence several more times over the following days.

18. Each time, he asked for Ms. Currie's telephone number and spoke to Ms. Rudd in a rude and abusive manner.

19. He also told her that he was calling from a finance company, and eventually named the company as Creditors Financial Group, LLC.

20. Ms. Rudd took a message from "Chris Rogers" with his company's name and telephone number to Ms. Currie and asked her to call him.

21. When she asked her neighbor what the message was about, Ms. Rudd told Ms.

Currie that she owed somebody some money.

22. Ms. Currie was deeply embarrassed that a collection agency had been harassing her neighbor about an alleged debt of hers and that her neighbor had learned about the alleged debt.

23. At the time the calls to Ms. Rudd were made, CREDITORS already knew Ms. Currie's address and telephone number.

24. As a result of Defendant's actions, Ms. Currie has suffered embarrassment, humiliation and emotional distress.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### Count One:

### Violations of the Fair Debt Collection Practices Act

### 15 U.S.C. §§ 1692, *et. seq.*

26. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

27. Defendant CREDITORS has violated the Fair Debt Collection Practices Act by actions that include, but are not limited to, the following:

    a. In contacting Carol Rudd when it already knew Ms. Currie's location and telephone number, Defendant has impermissibly communicated, in connection with the collection of an alleged debt, with a third party, in violation of the FDCPA at 15 U.S.C. § 1692c(b), or, in the alternative, in contacting Carol Rudd,

4

Defendant communicated with a third party more than once in its purported acquisition of information about Ms. Currie's telephone number, in violation of the FDCPA at 15 U.S.C. § 1692b(3).

b. In repeatedly making unwanted calls to Ms. Currie's neighbor and using the neighbor to convey messages about a debt, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Ms. Currie, in violation of the FDCPA at 15 U.S.C. § 1692d.

28. As a result of Defendant's violations of the FDCPA, Ms. Currie is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## Count Two:

## Violations of the North Carolina Prohibited Practices by Collection Agencies

## N.C. Gen. Stat. § 58-70-90, *et seq.*

29. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

30. At all times relevant, Defendant CREDITORS, acting by and through its officers, agents, employees, or assigns, was engaged in commerce in the state of North Carolina.

31. Defendant has violated the Prohibited Practices by Collection Agencies by actions that include, but are not limited to, the following:

a. In contacting Carol Rudd when it already knew Ms. Currie's location, and in indicating indebtedness, Defendant has impermissibly communicated, in connection with the collection of an alleged debt, with a third party, in violation

of N.C. Gen. Stat. § 58-70-105(1).

    b. In repeatedly making unwanted calls to Ms. Currie's neighbor and using the neighbor to convey messages about a debt, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Ms. Currie, in violation of N.C. Gen. Stat. § 58-70-100.

32. Defendant's acts are also unfair and deceptive in violation of N.C. Gen. Stat. § 75-1.1 in that they offend established public policy, and are immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and have the capacity or tendency to mislead.

33. As a result of Defendant's actions, Ms. Currie has suffered humiliation and emotional distress.

34. As a result of Defendant's violations of North Carolina's Prohibited Acts by Collection Agencies, Ms. Currie is entitled to actual damages and to statutory damages in an amount not less than $100.00 but no greater than $2,000.00 pursuant to N.C. Gen. Stat. §58-70-130 for each violation that occurred prior to October 1, 2009; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christine Currie prays the Court to:

1. Enter a judgment against Defendant for a sum in excess of Ten Thousand ($10,000) Dollars (with interest from date of institution of this action), together with the costs of this action and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 and 15 U.S.C. § 1692k(a)(3);

2. Award her pre-judgment and post-judgment interest;

3. Grant trial before a jury on all issues so triable; and

4. Grant such other and further relief as the Court deems just and proper.

THIS the _____2d_____ day of March, 2010.

Respectfully submitted,

By: _____
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law
Attorney for Plaintiff
NCSB # 35158
312 West Franklin Street
Chapel Hill, NC 27516
begnoche@mindspring.com
Telephone: (919) 960-6108
Facsimile: (919) 967-4953

7